UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO CORTES, | No. 2:26-cv-00138-DAD-SCR |
| Plaintiff, | |
| v. | ORDER GRANTING THE PARTIES' REQUEST TO STAY THIS ACTION AND DENYING DEFENDANT'S MOTION TO STAY AS MOOT |
| ALLIED WASTE SERVICES OF NORTH AMERICA, LLC, | |
| Defendant. | (Doc. Nos. 39, 44) |

On June 8, 2026, defendant Allied Waste Services of North America, LLC ("defendant") filed a motion to stay this action pending resolution of an earlier filed action, *Juan Lopez v. Allied Waste Services of North America, LLC, et al.*, Case No. 2:24-CV-00822-TLN-AC ("*Lopez*"). (Doc. No. 39.)  On June 30, 2026, the parties filed a joint stipulation to stay this action pending the court's ruling on plaintiff's anticipated motion for class certification in the *Lopez* action. (Doc. No. 44.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) (Breyer, J., dissenting) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with

1

economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis*, 299 U.S. at 254); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023).  Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see also Ernest Bock, LLC*, 76 F.4th at 842.  A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

The court concludes that the possible damage which may result from the granting of a stay here is minimal in light of the parties' agreement embodied in their stipulation.  Furthermore, the court concludes that "the orderly course of justice," *CMAX*, 300 F.2d at 268, and considerations of "economy of time and effort for [the court], for counsel, and for litigants," *Landis*, 299 U.S. at 254, weigh strongly in favor of staying this action in light of the parties' representation that simultaneous litigation would involve duplicative litigation efforts.  (Doc. No. 44 at 3.)

Accordingly, the parties' joint stipulation to stay this action (Doc. No. 44) is GRANTED. Defendant's motion to stay (Doc. No. 39) is administratively TERMINATED, to be reactivated if necessary.  All pending dates and deadlines are VACATED, to be reset at a later date if the court deems it necessary after the court's ruling on the motion for class certification in the *Lopez* action. The parties shall file a joint status report within six (6) months from the date of entry of this order, and every ninety (90) days thereafter, informing this court as to the status of the proceedings in the *Lopez* action.  In addition, the parties shall file a notice informing the court that

/////

2

an order has issued resolving the anticipated motion for class certification in the *Lopez* action within fourteen (14) days from the issuance of such order.

IT IS SO ORDERED.

Dated:    **July 1, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE